IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND, CENTRAL LABORERS' SUPPLEMENTARY PENSION FUND, NORTH CENTRAL ILLINOIS LABORERS' WELFARE FUND, NORTHERN ILLINOIS LABORERS' WELFARE FUND, CENTRAL LABORERS' ANNUITY FUND, ILLINOIS LABORERS' & CONTRACTORS TRAINING PROGRAM, NORTH CENTRAL ILLINOIS LABORERS' & EMPLOYERS COOPERATIVE EDUCATION TRUST, NORTH CENTRAL ILLINOIS LABORERS' MARKET PRESERVATION FUND, NORTH CENTRAL ILLINOIS LABORERS' VACATION FUND, WORKING DUES, <br><br>    Plaintiffs, <br><br>v. <br><br>GROSSO TRUCKING, INC. <br><br>    Defendant. | No.   16-2313 |

## COMPLAINT

NOW COME Plaintiffs, CENTRAL LABORERS' PENSION FUND *et al.*, by their attorneys, CAVANAGH & O'HARA LLP, complaining of the Defendant, GROSSO TRUCKING, INC., and allege as follows:

### COUNT I

### Delinquent Contributions/Payroll Audit

1. This is a civil action under the Employee Retirement Income Security Act of 1974, as amended from time to time and codified at 29 U.S.C. §1001 *et seq.* ("ERISA") and the Labor Management Relations Act of 1947, as amended from time to time and codified at 29 U.S.C. §141 *et seq.* ("LMRA").

2. Federal District Courts have exclusive jurisdiction under ERISA over civil actions like the present action.  (*See* 29 U.S.C. §1132).

3. Venue is proper in this action in a federal District Court where the breach took place, where a defendant resides or may be found, or where the plan is administered.  (*See* §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2)).

4. Plaintiff Central Laborers' Pension Fund is an employee benefit fund maintained in accordance with the provisions of ERISA and the LMRA, and administered pursuant to the terms and provisions of an Agreement and Declaration of Trust, as amended and restated.

5. A copy of the pertinent provisions of the trust agreement for Plaintiff Central Laborers' Pension Fund is attached hereto as Exhibit "A" and fully incorporated herein and made a part hereof by this reference.

6. Plaintiff Central Laborers' Pension Fund receives contributions from numerous employers, and therefore, is a multiemployer plan.  (*See* 29 U.S.C. §1002).

7. The Plaintiff Central Laborers' Pension Fund is the collection agent for and authorized to act on behalf of the other named Plaintiffs, which are either employee benefit funds (also maintained in accordance with the provisions of the LMRA and ERISA that receive contributions from numerous employers and are therefore multiemployer plans), labor organizations, labor-management committees, and/or funds established pursuant to collective bargaining agreements between Laborers' International Union of North America ("Union") and certain employer associations whose employees are covered by the collective bargaining agreements with the Union, to collect employer contributions and other amounts owed to these Plaintiffs.

8. Copies of the pertinent provisions of the trust agreements of certain other named

Plaintiffs are attached hereto as Exhibit "B" and fully incorporated herein and made a part hereof by this reference.

9. Plaintiff Central Laborers' Pension Fund's plan is administered in Morgan County, Illinois at the address of is 201 N. Main Street, Jacksonville, Illinois 62651, which is located within the venue of the District Court for the Central District of Illinois.

10. The Defendant, Grosso Trucking, Inc., is an Illinois corporation doing business in Illinois, with a principal place of business at 33384 W El Paso Dr., Kankakee, Illinois.

11. Defendant is an "Employer" engaged in an industry within the meaning of 29 U.S.C. §§1002 (5), (11), (12) and (14).

12. Defendant employs individuals who are participants in the employee benefit funds administered by Plaintiff Central Laborers' Pension Fund and other named Plaintiff trust funds pursuant to participation agreements, a memorandum of agreement, collective bargaining agreements, and/or other labor agreements (collectively the "labor agreements") to which Defendant is a party or otherwise bound.

13. A copy of Defendant's collective bargaining agreement with Great Plains Laborer's District Council is attached hereto as Exhibit "C" and fully incorporated herein and made a part hereof by this reference.

14. Defendant has employed individuals who performed bargaining unit work for which fringe benefit contributions are owed under the provisions of the collective bargaining agreement.

15. Defendant is required under the collective bargaining agreement and trust agreement, to report hours worked by its employees and make prompt payment of the fringe benefit contributions owed to the Plaintiffs.

16.     Pursuant §1145 of ERISA, the Defendant is required to pay fringe benefit contributions to the Plaintiffs in accordance with the terms and conditions of the trust agreement. (*See* 29 U.S.C. §1145).

17.     Plaintiffs engaged a certified public accounting firm to examine the payroll books and records of the Defendant for the time period of September 1, 2012 through March 31, 2015, in order to determine whether Defendant was in compliance with its obligations to pay the fringe benefit contributions to the Plaintiffs as required under the collective bargaining agreement, and trust agreements.

18.     The payroll examination determined that Defendant failed to pay all fringe benefit contributions that were owed to the Plaintiff over the examination period.

19.     A true and accurate copy of the examination findings is attached hereto as Exhibit "D" and fully incorporated herein and made a part hereof by this reference.

20.     The payroll examination determined that Defendant failed to pay Plaintiffs fringe benefit contributions in the sum of $33,560.89.

21.     The payroll examination determined that Defendant failed to pay Plaintiffs working dues in the sum of $2,073.45.

22.     In addition to the amounts determined to be due under the payroll examination, Defendant owes Plaintiffs fringe benefit contributions and dues for hours worked by one employee in July of 2014 that total $1,019.63 (*see* Exhibit "E").

23.     Defendant breached the provisions of the collective bargaining agreement and trust agreements by underpaying the fringe benefit contributions that were owed to the Plaintiffs.

24.     Pursuant to applicable provisions of ERISA, the collective bargaining agreement, and the terms of the Plaintiffs' trust agreements, Defendant owes interest on delinquent

contributions and, additionally, liquidated damages equal to 10% of the amount of delinquent contributions.

25.  Pursuant to the terms of the collective bargaining agreement and Plaintiffs' trust agreements, the Defendant is liable for reasonable attorneys' fees, court costs and all other reasonable expenses incurred by the Plaintiffs in the collection of delinquent contributions.

26.  Plaintiffs incurred audit costs of $1,511.65 for the payroll examination of Defendant's records (see Exhibit "G").

27.  Defendant owes the Plaintiffs, after all just credits, the known sum of $41,324.76 (consisting of delinquent contributions of $36,653.97, liquidated damages of $3,665.39, audit costs of $1,511.65, minus ($506.25) for an account credit) (*see* Exhibit "F").

28.  Plaintiff has demanded that Defendant pay Plaintiff the contributions and other amounts owed, but Defendant has refused or otherwise failed to pay to Plaintiff the contributions and other amounts owed.

WHEREFORE, Plaintiffs pray as follows:

A.  That judgment is entered in favor of Plaintiffs, CENTRAL LABORERS' PENSION FUND *et al*., and against Defendant, GROSSO TRUCKING, INC., in the sum of $41,324.76, plus all other amounts determined to be due and owing to Plaintiffs at the time Judgment is entered, including without limitation fringe benefit contributions, dues, liquidated damages, and interest;

B.  That Defendant is decreed to pay to the Plaintiffs their reasonable attorneys' fees and costs, as provided by ERISA (29 U.S.C. Section 1132(g)(2));

C.  That Defendant is decreed to pay all costs attendant to these proceedings;

D.  That Plaintiffs are awarded, at Defendant's cost, such further and other relief as

may be available under ERISA, the collective bargaining agreement, the trust agreement or as is otherwise just and equitable.

          CENTRAL LABORERS' PENSION FUND, CENTRAL LABORERS' SUPPLEMENTARY PENSION FUND, NORTH CENTRAL ILLINOIS LABORERS' WELFARE FUND, NORTHERN ILLINOIS LABORERS' WELFARE FUND, CENTRAL LABORERS' ANNUITY FUND, ILLINOIS LABORERS' & CONTRACTORS TRAINING PROGRAM, NORTH CENTRAL ILLINOIS LABORERS' & EMPLOYERS COOPERATIVE EDUCATION TRUST, NORTH CENTRAL ILLINOIS LABORERS' MARKET PRESERVATION FUND, NORTH CENTRAL ILLINOIS LABORERS' VACATION FUND, WORKING DUES, Plaintiffs,

  By:  s/ John P. Leahy
     JOHN P. LEAHY
     CAVANAGH & O'HARA LLP
     Attorneys for Plaintiffs
     2319 W. Jefferson Street
     Springfield, IL 62702
     (217) 544-1771 – Telephone
     (217) 544-9894 – Facsimile
     johnleahy@cavanagh-ohara.com